## J. W. MEDLEY v. G. E. McELROY.

[Abstract Kentucky Law Reporter, Vol. 6—589.]

**Estoppel of Lien Holder.**

> The holder of a lien against real estate which lien is of record can not be held to be estopped from asserting his lien because of his silence in not informing a purchaser of such land that he holds the lien, where it is not shown that the lien holder was present when the purchaser bought the land or when he paid for it or that he advised or encouraged such sale. No estoppel can arise against a lien holder on account of his mere delay in enforcing his lien.

### APPEAL FROM MARION CIRCUIT COURT.

February 21, 1885.

OPINION BY JUDGE HOLT:

The recorded deed from Spalding to Ballard retained a lien upon the land conveyed by it for the payment of the note sued upon by the appellee, G. E. McElroy.

The appellant, J. W. Medley, having purchased the land from Ballard, and paid for it, claims that the appellee, McElroy has by his conduct estopped himself from asserting any lien against the land.

The answer alleges in substance that he (McElroy) before he purchased had the clerk of the county in which the land was situated examine the records and that he reported to him that there were no liens upon it; that he obtained a deed to it from Ballard and fully paid him before he had any knowledge of the lien; that the appellee never notified him that he held any lien on it until after Ballard became insolvent; that appellee knew that he (the appellant) had purchased the land long before this suit was brought and at the time the purchase was made;" that he also knew that the appellant was paying for and in possession of and improving it; and by his silence and neglect had enabled Ballard to impose upon appel-

lant, and although he knew that appellant had purchased the land and was paying for and improving it, he without giving any notice of his lien deceitfully failed to enforce it for an unreasonable time, and "wantonly" failed to give the appellant any notice of it until Ballard had become insolvent," thus enabling by his wilful, deceitful and negligent conduct Ballard to receive from the defendant full pay for said land, which was more than sufficient to have paid plaintiff's debt."

The demurrer to the answer admitted its allegations to be true, and the only question is whether its statements estop the appellee from enforcing his lien.

The answer does not state that the appellee was present either when the appellant purchased or when he paid for the land, or that he advised or encouraged the same. The essence of it is that the appellee delayed the collection of his debt, but it was certainly not an unreasonable delay, because it was due on December 6, 1878, and this action was brought on October 12, 1883, and taking the statements of the answer as true, it does not appear that any act or conduct of the appellee now commands his silence. His lien was of record.

It does not appear that he has done anything to induce a reasonable belief that he was not claiming it. The appellant could easily have learned definitely whether the appellee was insisting upon it, but he took no step to do so. He was notified of its existence by the record which he actually examined, and even silence does not ordinarily constitute an estoppel where all the facts are known or can be easily ascertained by the party claiming the estoppel.

Much less should mere delay in the collection of a debt deprive the party of the right to seek relief when he has not by an act encouraged or induced others to expend their means or change their condition. *Covington & L. R. R. Co. v. Bowler's Heirs, &c.,* 9 Bush (Ky.) 468; *Farra v. Adams,* 12 Bush 515.

There can be no estoppel in a case like this one unless there has been an intended deception or fraud by the declarations or conduct of the party to be estopped, or such gross negligence as is constructively fraudulent, whereby the complaining party has been misled to his injury when he had no knowledge of the truth of the matter or available means of ascertaining it.

Judgment *affirmed.*

*W. E. & S. A. Russell, for appellant.*

*Knott & Spalding, for appellee.*